ORIGINAL

JOHN HARRIS PAER    #1551-0
41 B Kepola Place
Honolulu, Hawaii  96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-3918
email: paerj001@hawaii.rr.com

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 24 2008

at 11 o'clock and ___ min ___ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

CV08 00184 DAE KSC

| | |
|---|---|
| RANDOLPH R. GOLDMAN | CIVIL NO. |
| Plaintiff, | COMPLAINT; EXHIBIT "A"; JURY DEMAND; SUMMONS |
| vs. | |
| EXPERIAN INFORMATION SOLUTIONS, INC. and BANK OF AMERICA, N. A. | |
| Defendants. | |

## COMPLAINT

COMES NOW Plaintiff, by and through his undersigned attorneys, and alleges as follows:

### INTRODUCTION

1. This Complaint is filed and these proceedings are instituted under the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681 et seq, the "Truth in Lending Act" (hereinafter "TILA"), 15 U.S.C. §1601 et seq. and the Fair Credit Billing Act (hereinafter "FCBA"), 15 U.S.C. §1666 et seq., to recover actual and statutory damages, reasonable attorney's fees and costs of suit by reason of the Defendant's violations of those Acts.

2. The jurisdiction of this Court is invoked pursuant to 15 U.S.C. §1640(e), 15 U.S.C. §1681(n), and 28 U.S.C. Sections 1331 and 1337. The supplemental jurisdiction of this Court is invoked over Count IV of the Complaint, which arises under state law. Jurisdiction of the state claims is proper because the factual matters underlying the federal and state claims are closely related, making disposition of both claims proper and necessary.

## PARTIES

3. Plaintiff is a natural person, is a college mathematics professor and is a resident of the State of Hawaii.

4. Defendant Experian Credit Solutions, Inc. (hereinafter "Experian") is a corporation doing business in the State of Hawaii, and is subject to the jurisdiction of this Court.

5. Experian is a consumer reporting agency, as defined in section 1681(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

6. Defendant Bank of America, N. A. (hereinafter "BOA") is a national bank entity doing business in the State of Hawaii, and is subject to the jurisdiction of this Court.

7. BOA is a furnisher of information as contemplated by FCA section 1681s-2(a) and (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## FACTS

8. Within the year prior to the filing of this action, Defendant BOA, in the ordinary course of business, regularly extended credit to its consumer customers for which a finance charge was imposed.

9. Upon information and belief, at an unknown point in time, Plaintiff's mother opened an account with Defendant BOA in her own name, and without his consent, placed Plaintiff's name on the account as well.

10. Upon information and belief, that account was used primarily for personal, family, or household purposes.

11. Plaintiff did not request, consent to, nor authorize that account.

12. Defendant BOA did not give initial disclosures to Plaintiff regarding the above described account.

13. Plaintiff's mother opened and used that account for many years and Plaintiff's mother, not Plaintiff, received the statements for that account from BOA until her death.

14. After the death of Plaintiff's mother, BOA began sending monthly statements for the account to Plaintiff and changed the statements to his name without Plaintiff's authorization or consent.

15. Despite Plaintiff's protests that the account was not his, Defendant BOA has sent numerous statements and demands for payment to Plaintiff with respect to the above account, and has charged Plaintiff finance charges with respect to that account.

16. Specifically, Defendant BOA told Plaintiff that his mother had committed fraud and that he should take action against her.

17. These statements were extremely upsetting to Plaintiff, particularly since his mother has just passed away.

18. When Plaintiff again stated that his mother had recently died, Defendant BOA said that he should then take action against the estate.

19. Plaintiff suggested to Defendant BOA that if there was money owed on his mother's account, then BOA should file a claim against his mother's estate.

20. On information and belief, Defendant BOA did not make any attempt to collect this account from Plaintiff's mother's estate.

21. Plaintiff notified Defendants BOA and Experian of the error and told both Defendants repeatedly that the account was not his and was not authorized by him.

22. Plaintiff requested that both Defendants take steps to investigate this matter and remove this account from his consumer report with Experian as well as delete any record with BOA regarding this account.

23. Defendant BOA continued to ignore Plaintiff's repeated explanations, continued to charge interest to Plaintiff and to demand from Plaintiff payment for the account, and continued to disclose adverse information on Plaintiff's consumer reports with Experian.

24. Defendant Experian ignored Plaintiff's explanation and refused to remove the account and related adverse information from his consumer report.

25. On March 13, 2008, Plaintiff's counsel again wrote both Defendants, again stating that the account was not his, and again requested that both Defendants take steps to reinvestigate this matter and remove the account from Plaintiff's consumer report. A true copy of that letter is attached hereto as Exhibit "A".

26. Defendant BOA never responded to Exhibit "A".

27. Defendant Experian responded, declining to take any action, stating that the account had been verified, and refused to remove the negative entry from Plaintiff's consumer report.

28. TransUnion and Equifax responded to the above letter and did remove the negative entry from Plaintiff's consumer report.

29. Both by letter and by telephone, Plaintiff informed both Defendants of the above facts, and also that he disputed the account and was unwilling to accept obligation for the account, yet both Defendants failed to properly respond and reinvestigate or take any appropriate action to correct this error.

30. To the contrary, Defendant BOA continued to falsely report this account to Experian as Plaintiff's account and further reported that it was delinquent, and further, continued to charge Plaintiff interest on the account.

31. To the contrary, Defendant Experian continued to disclose this false and adverse information regarding this account on Plaintiff's credit report which were disclosed to third parties.

32. Defendant BOA has submitted derogatory credit information to Experian, and Plaintiff's consumer report has been affected adversely with the result that Plaintiff has been denied credit that he would otherwise have received.

33. Defendant BOA has imposed finance charges upon Plaintiff in connection with this account and has demanded payment from Plaintiff of a debt under this account, and Defendant has continued to do so, even after it was on notice that the alleged debt was that of Plaintiff's deceased mother and not that of Plaintiff.

34. Plaintiff has suffered damage as a result of each Defendant's actions, including but not limited to, their wilful and intentional violations of existing law and their own agreements, their wilful, reckless and wanton statements regarding fraud committed by Plaintiff's mother, all as described above.

### COUNT I - TRUTH IN LENDING

35. Plaintiff realleges and incorporates paragraphs 1 through 34 of this Complaint.

36. Defendant BOA has violated the Truth in Lending Act by failing to properly disclose, and/or by disclosing in a misleading and confusing manner:

    (a) the Annual Percentage Rate,

    (b) the Finance Charge,

    (c) the Amount Financed,

    (d) the Total of Payments and Payment Schedule, and

    (e) the Initial Disclosures.

### COUNT II - FAIR CREDIT BILLING

37. Plaintiff realleges and incorporates paragraphs 1 through 36 of this Complaint.

38. Defendant BOA has violated the Fair Credit Billing Act by failing to properly respond to disputes by Plaintiff and by failing to correct its errors in a timely fashion.

## COUNT III - FAIR CREDIT REPORTING ACT

39. Plaintiff realleges and incorporates paragraphs 1 through 38 of this Complaint.

40. Upon information and belief, Defendant BOA has received notice from one or more consumer reporting agencies that Plaintiff has disputed the accuracy and completeness of the information regarding the account reported by Defendant as described above.

41. Defendant BOA has violated the Fair Credit Reporting Act by:

a) wilfully and/or negligently failing to comply with the FCRA required reinvestigation process, including that required by Section 1681s-2(b);

b) defaming Plaintiff by publishing to third parties false information regarding his creditworthiness;

c) invaded the privacy of Plaintiff; and

d) failed in its duty to prevent foreseeable injury to Plaintiff.

42. In the entire course of its actions herein, Defendant Experian has wilfully and/or negligently violated the FCRA in the following respects:

a) by wilfully and/or negligently failing, in the preparation of the consumer reports regarding Plaintiff, to use reasonable procedures to ensure maximum possible accuracy of the information it has reported on Plaintiff's consumer report;

b) by wilfully and/or negligently failing to comply with FCRA section 1681i;

c) by defaming Plaintiff by publishing to third parties false information regarding his creditworthiness;

d) invading the privacy of Plaintiff; and

e) failing in its duty to prevent foreseeable injury to Plaintiff.

43. Equifax and TransUnion have properly deleted all references to the above described Bank of America account in Plaintiff's consumer report, but Experian continues to refuse to do so.

COUNT IV - UNFAIR AND DECEPTIVE ACTS AND PRACTICES

44. Plaintiff realleges and incorporates paragraphs 1 through 43 of this Complaint.

45. Both Defendants have violated Chapter 480 of the Hawaii Revised Statutes as alleged above.

46. The Defendants' violations of the Fair Credit Reporting Act, the Truth in Lending Act and the Fair Credit Billing Act constitute unfair and deceptive acts or practices in violation of H.R.S. Chapter 480.

47. Defendant BOA's wilful, reckless and wanton statements and misrepresentations, failure to properly reinvestigate this matter, its charges and disclosures in connection with the above-described extension of credit were immoral, unethical, oppressive, unscrupulous, and substantially

Case 1:08-cv-00184-DAE-KSC   Document 1   Filed 04/24/08   Page 10 of 11   PageID #: 10

injurious to Plaintiff as a consumer, and were unfair and deceptive, in violation of H.R.S. Chapter 480.

48. Defendant Experian's misrepresentations, failure to properly reinvestigate this matter, failure to use reasonable procedures to ensure maximum possible accuracy of Plaintiff's consumer report, were immoral, unethical, oppressive, unscrupulous, and substantially injurious to Plaintiff as a consumer, and were unfair and deceptive, in violation of H.R.S. Chapter 480.

49. Plaintiff has suffered injury to his property in an amount to be proved at trial, by reason of Defendant's violations.

WHEREFORE, Plaintiff prays that the Court:

AS TO COUNT I:

1. Award Plaintiff his actual damages as will be proved at trial;

2. Award Plaintiff statutory damages of twice the finance charge;

3. Award Plaintiff rescission of the account as to him;

4. Award exemplary damages.


AS TO COUNT II:

5. Award Plaintiff his actual damages as will be proved at trial;

6. Award Plaintiff statutory damages of $1000.00 per transaction;

7. Award rescission of the account as it relates to Plaintiff and order BOA to refrain from making any further adverse reports regarding Plaintiff and also to delete any prior adverse reports regarding Plaintiff;

8. Award exemplary damages.

AS TO COUNT III:

9. Award Plaintiff statutory damages in the amount of $1000.00;

10. Award Plaintiff his actual damages as will be proved at trial;

11. Award preliminary and permanent injunctive relief to the effect that the BOA account be deleted and removed from Plaintiff's consumer report.

12. Award exemplary damages.

AS TO COUNT IV:

13. Award Plaintiff damages in the amount of three times the injury to his property, but not less than $1000.00;

AS TO ALL COUNTS

14. Award Plaintiff reasonable attorneys fees and costs;

15. Award Plaintiff such other and further relief as the Court deems appropriate.

DATED: Honolulu, Hawaii, April 23, 2008.

_____
JOHN HARRIS PAER
Attorney for Plaintiff